UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re:

                                                  Case No. 08-30727-PNS3

Duane & Cathy Heckman,

                                                  Chapter 7

        Debtors
_____/

**ORDER OVERRULING THE TRUSTEE'S OBJECTION
TO DEBTOR'S CLAIMED EXEMPTIONS.**

This matter was heard August 28, 2008 on the Trustee's Objection to the Debtor's Claimed Exemptions. Duane and Cathy Heckman ("Debtors") claim they are entitled to the $4,000 personal property exemption set forth in section 222.25(4) of the Florida Statutes, which allows debtors who do not take advantage of the constitutional homestead exemption to claim personal property up to $4,000. The Trustee objects and contends that the Debtors are not entitled to the $4,000 personal property exemption since they have exempted their homestead under FLA. STAT. § 222.05 on their Schedule C. Conversely, the Debtors insist that the homestead exemption under FLA. STAT. § 222.05 is statutory and distinct from constitutional homestead, and they are therefore entitled to the $4,000 personal property exemption since they do not claim or receive constitutional homestead benefits as FLA. STAT. § 222.25(4) requires.

For the reasons explained herein, I find that the FLA. STAT. § 222.05 homestead provision is statutory and distinct from homestead under Article X, section 4 of the Florida Constitution. Therefore, when the Debtors exempt their homestead under FLA. STAT. § 222.05, they do not claim the constitutional homestead. As such, the Debtors may seek the $4,000 personal property

exemption under FLA. STAT. § 222.25(4). The Trustee's objection is overruled. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157 (b)(2)(B).

*Facts*

The Debtors filed a voluntary Chapter 7 petition on May 16, 2008. They own and reside in a 2002 mobile home located on a leased lot in Miramar Beach, Florida. On their Schedule C, the Debtors listed their mobile home as exempt pursuant to FLA. STAT. § 222.05. They also claimed personal property worth $4,000 as exempt under the FLA. STAT. § 222.25(4) exemption. The Trustee subsequently filed a timely objection to the Debtors' exemptions.

The Trustee argues that FLA. STAT. § 222.05 is an extension of constitutional homestead and renders the Debtors' exemption under it a constitutional homestead claim. She further contends that the Debtors receive the benefits of homestead because their mobile home presently holds value, and they are therefore protected from creditors if they satisfy the mortgage at any time before the property becomes worthless. Finally, the Trustee maintains that the Debtors' situation is distinguishable from cases exempting real property as tenancy by the entireties, which is different from constitutional homestead.

The core of the Debtors' argument is that the homestead exemption under FLA. STAT. § 222.05 is statutory and therefore distinct from constitutional homestead. As such, the Debtors maintain that they are entitled to the $4,000 personal property exemption provided under FLA. STAT. § 222.25(4) since they have not claimed constitutional homestead. The Debtors argue that home ownership does not automatically entitle them to receive constitutional homestead benefits, and that they have not received such benefits. Finally, The Debtors claim that that their mobile home is unlike a traditional home in that it will depreciate in value and eventually become worthless.

*Discussion*

Under FLA. STAT. § 222.05, mobile home owners who occupy the home, and whose home is legally located on land they do not own, may claim the mobile home as their homestead and therefore exempt it from levy and sale. For those who do not claim constitutional homestead or receive constitutional homestead benefits, FLA. STAT. § 222.25(4) allows a personal property exemption of up to $4,000. The Debtors argue that they are entitled to the $4,000 personal property exemption under FLA. STAT. § 222.25(4) since they exempted their homestead under FLA. STAT. § 222.05 rather than the Constitution. The issue here is whether FLA. STAT. § 222.05, a statutory homestead provision, is an extension of homestead under Article X, section 4 of the Florida Constitution. A closer examination of the case law, the current and past Florida Constitutions, and the legislative history for FLA. STAT. §§ 222.05 and 222.25 supports the conclusion that the homestead exemption under FLA. STAT. § 222.05 is statutory and distinct from Florida's constitutional homestead exemption. Therefore, the Debtors are entitled to the $4,000 personal property exemption under FLA. STAT. § 222.25(4).

Some courts which have considered the applicability of the homestead provision under FLA. STAT. § 222.05 have stated that the statute is an extension of Florida's constitutional homestead.[1] In other cases, the court analyzed FLA. STAT. § 222.05 and Article X, section 4 of

---

[1] *See In re Hacker*, 260 B.R. 542, 545, 548 (Bankr. M.D. Fla. 2000) (refusing to confer homestead on a boat for fear that "it would be an unwarranted extension of Article X, § 4 and FLA. STAT. § 222.05); *In re Mead*, 255 B.R. 80, 83-84 (Bankr. S.D. Fla. 2000) (explaining that FLA. STAT. § 222.05 extends constitutional homestead to non-traditional dwellings used as residences, including those located on leased lands, or as it was in this case, a boat on a leased dock); *In re Brisson*, 250 B.R. 413, 414 (Bankr. M.D. Fla. 2000) (explaining that FLA. STAT. § 222.05 extends homestead protection to non-traditional dwellings); *In re Andiorio*, 237 B.R. 851, 852 (Bankr. M.D. Fla. 1999) (stating that FLA. STAT. § 222.05 extends homestead to mobile homes under certain circumstances); *In re*

the Florida Constitution together.[2] Despite the initial appearance that FLA. STAT. § 222.05 is an extension of constitutional homestead, a closer examination reveals that all of these cases are distinguishable in that their focus was on determining which types of non-traditional homes qualify for the homestead exemption. In the case before the Court today, there is no dispute over whether the Debtors' mobile home qualifies for some form of homestead exemption. Rather, the parties disagree about whether claiming a homestead exemption under FLA. STAT. § 222.05 is effectively the same as claiming constitutional homestead.

The Florida Constitution has provided a homestead exemption for owners of real property since 1868.

> A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any unincorporated city or town, . . . together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempted from forced sale under any process of law . . ..

FLA. CONST. of 1868, art. IX, § 1(1868).

---

*Kirby*, 223 B.R. 825, 829 (Bankr. M.D. Fla. 1998) (denying homestead protection to a motor coach despite the fact that FLA. STAT. § 222.05 extends constitutional homestead); *In re Major*, 166 B.R. 457, 459 (Bankr. M.D. Fla. 1994) (declining homestead protection to a boat as an "unwarranted extension of the homestead provision of the Florida Constitution"); *In re Sanders*, 72 B.R. 124, 125 (Bankr. M.D. Fla. 1987) (explaining that FLA. STAT. § 222.05 "is a legislative extension" of constitutional homestead).

[2]  *See In re Edwards*, 356 B.R. 807, 810 (Bankr. M.D. Fla. 2006) (interpreting FLA. STAT. § 222.05 as setting "forth the procedures for claiming a homestead exemption); *In re Walter*, 230 B.R. 200, 202-203 (Bankr. S.D. Fla. 1999) (considering FLA. STAT. § 222.05 and the Florida Constitution together in its analysis); *In re Bubank*, 176 B.R. 601, 603 (Bankr. M.D. Fla. 1994) (explaining that FLA. STAT. § 222.05 implements the constitutional homestead).

FLA. STAT. § 222.05 was enacted in 1869, and originally provided that "[a]ny person owning and occupying any dwelling-house or land not his own which he may lawfully possess, by lease or otherwise, and claiming such house as his homestead, shall be entitled to the exemption of such house from levy and sale as aforesaid." Chapter 1,715, s. 5, The Acts and Resolutions Adopted by the Legislature of Florida at its Extra Session Beginning June 8, 1869. As such, since 1869, the Florida legislature has distinguished and kept separate homestead exemptions for those who own and those who lease land.

In 1977, the legislature amended the leasehold provision to "expan[d] homestead. . . to include mobile and modular homes[.]" Staff Analysis and Econ. Impact Statement S. B. 675 (Apr. 18, 1977). Legislators anticipated that the amendment would effectively shield those who own mobile or modular homes located on leased land from forced sales. *Id.* The history indicates that the legislature had been unable to amend the Florida Constitution "to achieve the same result as this bill." *Id.* However, since nothing in the history indicates that the legislature originally intended to modify Article X, section 4 of the Florida Constitution, there is no evidence of any desire to combine the historically separate homestead exemptions. Therefore, the Debtors are not entitled to claim the constitutional homestead exemption since they do not own the land on which their mobile home is located. They are only entitled to the statutory homestead under FLA. STAT. § 222.05.

This interpretation of FLA. STAT. § 222.05 and the constitutional homestead provision is consistent with the longstanding principle that "[e]xpress or implied provisions of the

Constitution cannot be altered contracted or enlarged by legislative enactments." *Sparkman v. Scott*, 58 So. 2d 431, 432 (Fla. 1952) (quoting *State ex re. West v. Butler*, 69 So.771, 777 (Fla. 1915)). Specifically, "[t]he legislature is powerless to affect the rights provided under the homestead exemption through statutory enactments." *Havoco of America, Ltd. v. Hill* 790 So. 2d 1018, 1029 (Fla. 2001) (citing *Ostendorf v. Turner*, 426 So. 2d 539, 544 (Fla. 1982) (quoting *Sparkman v. State ex rel Scott*, 58 So. 2d 431, 432 (Fla. 1952))). In *In re Bezares*, 377 B.R. 413 (Bankr. M.D. Fla. 2007), *aff'd on reh'g*, 383 B.R. 796 (Bankr. M.D. Fla. 2007), the court had the opportunity to apply this principle to FLA. STAT. § 222.25(4). There, a debtor who claimed no homestead exemption argued that he was entitled to the $1,000 personal property exemption under Article X, section 4(a)(2) of the Florida Constitution and the $4,000 personal property exemption under FLA. STAT. § 222.25(4) for a total of $5,000. *Id.* at 414. The Trustee objected and argued that the effect of FLA. STAT. § 222.25(4) was to increase the constitutional personal property exemption by $3,000 for a total of $4,000. *Id.* The court sided with the debtor and explained that it is a "well-established principle that the legislature has no power to abrogate, alter, or amend, any provisions of the Constitution." *Id.*

Finally, the plain language of FLA. STAT. § 222.25 also lends support to the conclusion that FLA. STAT. § 222.05 is not an extension of the constitution, and the Debtors are therefore entitled to the $4,000 personal property exemption. When interpreting clear and unambiguous statutes, courts must construe provisions according to their plain and ordinary meaning. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) and the cases cited therein. FLA. STAT. § 222.25(4) states, in relevant part, that a debtor is entitled to the $4,000 "if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X. of the State Constitution." The fact that the legislature has unambiguously stated that the $4,000 personal

property exemption does not apply to those who claim *constitutional* homestead is further evidence that law makers distinguish between the various forms of the exemption.

*Conclusion*

For the reasons stated above, I conclude that FLA. STAT. § 222.05 is not an extension of Article X, section 4 of the Florida Constitution. Therefore, when the Debtors claim their home to be exempt under FLA. STAT. § 222.05, it is not the equivalent of claiming constitutional homestead. Furthermore, they do not benefit from constitutional homestead under FLA. STAT. § 222.25(4) since they do not own the land on which the mobile home is located, and Article X., section 4 benefits apply only to landowners. As such, the Debtors may claim as exempt personal property up to $4,000 under the exemption provided under FLA. STAT. § 222.25(4). It is therefore

ORDERED and ADJUDGED that the Trustee's Objection to the Debtor's Exemptions is OVERRULED.

DONE and ORDERED

Dated this 6th day of October, 2008.

_____
Lewis M. Killian, Jr.
United States Bankruptcy Judge